Daniel F. McCARTHY and First National Bank & Trust Company of Evanston, Trustee of the Melanie B. McCarthy Trust, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 84 C 8941.

United States District Court, N.D. Illinois, E.D.

Nov. 8, 1985.

Allen H. Meyer, Chicago, Ill., for plaintiffs.

Joan C. Laser, U.S. Atty's Office, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

Plaintiffs, Daniel F. McCarthy ("McCarthy") and First National Bank & Trust Company of Evanston, trustees of the estate of Melanie B. McCarthy ("decedent"), bring this action against the United States of America to recover $8,349 which plaintiffs deposited with the Internal Revenue Service under protest after a deficiency was assessed against the estate in that amount. Presently before the court is defendant's motion for summary judgment.

The decedent died on May 24, 1980. During the period prior to her death, decedent maintained a checking account. Her son, McCarthy, had authority to write checks on the account and had done so on many occasions to pay decedent's bills and make gifts. On May 15, 1980, decedent instructed McCarthy to write nine checks, each for $3,000, payable to various members of her family. On May 22, McCarthy wrote the nine checks for a total of $27,-000. The checks were intended as gifts. None of the checks were debited from decedent's account until after the date of her death.

Plaintiffs filed a federal estate tax return with the I.R.S. They did not include the $27,000 in their calculation of dece-

dent's estate. The I.R.S. determined that the amount should have been included and assessed the estate $8,579.97 in additional taxes and interest. Plaintiffs paid the amount under protest and brought this action. Defendant claims that the $27,000 was required to be included in decedent's estate because the money was in her checking account on the date of her death. Plaintiffs contend that the decedent had made gifts of the money prior to her death and thus, the amount should not be included in her estate.

Under § 2031(a) of the Internal Revenue Code, gross estate is defined as: "... including to the extent provided for in this part, the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated." I.R.C. § 2031(a) (1985). Section 2035(a) provides that gifts made by decedent within three years of her death should be included in her estate. I.R.C. § 2035(a) (1980). However, crucial to this case is the exception to that ruled created by paragraph (b)(2) of section 2035 which excludes from paragraph (a) any gift made by decedent to the extent of $3,000 per donee per calendar year. I.R.C. § 2035(b)(2) (1980). (The 1981 amendments changed the amount to $10,-000 per year, see I.R.C. § 2035 (1985).) The amount of the gifts here meets the statutory limit. The question before this court, given the timing of death between the writing of the checks and the debiting of the decedent's account, is at what time decedent's gifts should be considered to have been "made" within the meaning of this exception.

Defendants would have us conclude that the gifts had not been made upon death because, with respect to money in bank accounts, Treasury Regulation § 20.2031–5 provides that:

> The amount of cash belonging to the decedent at the date of his death, whether in his possession or in the possession of another, or deposited with a bank, is included in the decedent's gross estate. If bank checks outstanding at the time of the decedent's death and given in discharge of bona fide legal obligations of the decedent incurred for adequate and full consideration in money or money's worth are subsequently honored by the bank and charged to the decedent's account, the balance remaining in the account may be returned, but only if the obligations are not claimed as deductions from the gross estate.

Treas.Reg. § 20.2031–5 (1958). Defendant contends that the plain words of Treasury Regulation § 20.2031–5 compel this court to find that the $27,000 is required to be included in the decedent's estate. Defendant interprets the regulation as requiring the inclusion in the decedent's estate of all cash remaining in her account on the date of her death.

It is true that the bank account was in decedent's name and further that the $27,000 remained in that account on the date of her death. It is also true that the outstanding checks at issue were not issued to discharge legal obligations incurred for adequate and full consideration. However, this court does not interpret the regulation as requiring the inclusion of the $27,000 in decedent's account.

Treasury Regulation § 20.2031–5 explicitly states that it applies to cash "belonging to the decedent at the date of [her] death." Thus, the determination of whether the $27,000 is includible in decedent's estate depends not upon whether it was in her account on the date of her death, but rather upon whether it still belonged to her on that date. If the gifts were complete prior to decedent's death, then the $27,000 no longer "belonged" to her within the meaning of the regulation. We will discuss why we believe the gifts were complete, and hence under the regulation the money is not includible in the estate, infra. First, however, even if we interpreted the regulation as applying to all cash remaining in her account, regardless of whether given by gift, we would conclude that the regulation does not govern the situation presented.

Our conclusion that the situation presented in the instant case is not governed by

the regulation stems from the tax court's interpretation of the regulation in *Est. of Belcher v. Commissioner*, 83 T.C. 227 (1984). In *Belcher*, the tax court held that the amount of a check which was given as a charitable contribution by the decedent prior to his death but not presented for payment and honored by the bank until after his death, was not includible in the decedent's estate. The *Belcher* court applied the relation back doctrine which we will discuss presently. What is relevant here is that the *Belcher* court concluded that the Treasury Regulation § 20.2031–5 did not govern the situation. In reaching its decision, the court examined the underpinnings of the regulation.

Prior to 1977, the Internal Revenue Code provided that all gifts made by a decedent within three years of the date of her death were includible in the decedent's estate if they were made "in contemplation of death." I.R.C. § 2035(b) (1976). The *Belcher* court determined that that Treasury Regulation may have been intended to thwart any possible argument that the outstanding check at issue was not a gift made in anticipation of death. The court noted the legitimate concern that a drawer may write a check to an individual with the understanding that the individual will not present the check to the bank for payment until after the drawer's death. But the *Belcher* court was unable to find any considerations which would give rise to the same concerns with regard to a check given as a charitable contribution and promptly presented for payment. Thus it determined that the situation was not within the contemplation of the regulation and therefore determined that the regulation did not preclude the exclusion of the amount of the check.

■ Similarly, we find that no policy considerations exist which justify the inclusion of the checks at issue in the reach of the regulation. First, the Internal Revenue Code now provides that all gifts, except those specifically exempted, which are made by a decedent within three years of the date of her death are includible in the estate regardless of whether they were made in anticipation of death. I.R.C. § 2035(a) (1985). Thus, the special concern which the *Belcher* court recognized with respect to non-charitable gifts may no longer be distinguished. Second, as discussed above, the gifts in the instant case, if made before death, are specifically exempt from inclusion in a decedent's estate. I.R.C. § 2035(b)(2) (1985). Thus, these gifts appear to have Congress' stamp of approval. Finally, not only were these checks promptly presented for payment but decedent had made a practice of having McCarthy make gifts by check regularly. Thus, this is not a case in which a decedent is trying to avoid the estate tax laws. Rather, decedent was engaged in a practice of giving away her money to her family in a manner which is not only condoned by Congress but apparently encouraged as well. For these reasons, this court finds that the instant case is not within the contemplation of the regulation and therefore the regulation does not preclude the exclusion of the $27,000.

■ The ultimate determination in the case, whether or not the regulation applies, depends upon whether the gifts were "made," or rather, "complete," prior to the date of decedent's death within the meaning of § 2035(b)(2) of the estate tax provisions. Treasury Regulation § 25.2511–2(b) on gift tax provides that a gift is complete when "the donor has so parted with dominion and control as to leave him no power to change its disposition." Treas.Reg. § 25.-2511–2(b) (1958). Similarly, in order to establish that a gift was complete for purpose of determining the estate tax consequence of the gift the following elements have been required: "(1) a donor competent to make the gift; (2) a clear unmistakable intention on [her] part to make it; (3) a donee capable of taking the gift; (4) a conveyance, assignment, or transfer sufficient to vest the legal title in the donee, without power of revocation of the will of the donor, and (5) the relinquishment of dominion and control of the subject matter of the gift by delivery to the donee." *Est.*

*of Mortimer v. Commissioner,* 17 T.C. 579, 582 (1951). The only problematic elements in the instant case are (4) and (5). Although defendant does not allege that delivery was not made prior to decedent's death, it is not clear that McCarthy delivered the checks to the donees other than himself prior to her death. However, since defendant does not contest delivery, for purposes of determining whether defendant's motion for summary judgment should be granted we will assume that delivery was made prior to her death.

Defendant contends that decedent did not relinquish dominion and control over the checks because she retained the power to order a stop payment on those checks. Defendant cites Revenue Ruling 67–396 which provides, in part, that a gift made by means of a check is not complete until paid by the bank on which it is drawn. 1967–2 C.B. 408. Although Revenue Rulings are not binding on this court, defendant would have this court find that it correctly states the law. Additionally, defendant points to various Illinois banking statutes which essentially state that the drawer of a check has the power to stop payment on the check.

At least one court has determined that this technical ability to exert control establishes that a gift made by means of check is not complete for purposes of estate taxation until the check has been presented and honored by the bank. *See Cullis v. United States,* No. 84–7797, slip op. (N.D.Ohio 1984). Additionally, it has been held that under Illinois law a check given as a gift is not enforceable against a decedent's estate. *See Falco, Inc. v. Bates,* 30 Ill.App.3d 570, 334 N.E.2d 169 (1st Dist.1975). Moreover, Illinois courts have found that promissory notes, which defendant appears to contend are analogous to checks, are merely promises to pay and as such are not enforceable against a decedent's estate. *See Meyer v. Meyer,* 379 Ill. 97, 39 N.E.2d 311 (1942).

This court does not find these statutes and decisions compelling. First, the fact that the decedent technically had the power under Illinois banking statutes to stop payment on the check is not dispositive of the question of whether she relinquished dominion and control within the meaning of the estate tax provisions of the Internal Revenue Code. The state banking statutes have only limited relevance to the issue at bar because the policy considerations involved in drafting banking regulations are different from those involved in tax questions. Further, no court has found that, in order to have made a completed gift, a donor must have relinquished all ability to exercise control. Rather, courts have focused on whether the decedent intended to relinquish all dominion and control over the subject matter of the gift at the time in question. *Est. of Doyle v. Commissioner,* 32 T.C. 1209, 1212 (1959); *Wasserman v. Commissioner,* 139 F.2d 778, 780–781 (1st Cir.1949). Because the *Cullis* court based its decision entirely upon the technical ability of the decedent to stop payment on the checks under the Ohio banking statutes without further inquiry, we reject that decision.

With respect to Illinois law regarding the property rights of donees of promissory notes and gifts made by means of a check, we find that although the state law is influential it does not convince us that the decedent did not relinquish dominion and control within the meaning of federal tax law. The Supreme Court has stated that while state law creates legal interests, federal law determines when and how those interests are taxed. *Burnet v. Harmel,* 287 U.S. 103, 110, 53 S.Ct. 74, 77, 77 L.Ed. 199 (1932). Thus, even if the gifts at issue were not complete prior to decedent's death for state property law purposes, this court may still find that the gifts were complete for purposes of federal estate tax law.

It is instructive to recall the Supreme Court's admonition to lower courts, in considering tax questions arising in real world situations, to base their decisions on their "experience with the mainsprings of human conduct." *Commissioner v. Duberstein,* 363 U.S. 278, 289, 80 S.Ct. 1190, 1198, 4 L.Ed.2d 1218 (1960). With this admonition

in mind, we conclude that, assuming that delivery was made prior to decedent's death, decedent, by instructing McCarthy to write the nine checks and through his fulfillment of her instructions, relinquished dominion and control over the $27,000 in her checking account.

Our decision is based upon the common day usage of the check and the uncontested intent of decedent to give away the $27,000 by means of a check. The check is a peculiar instrument. In the majority of transactions involving checks, the delivery of a check is intended and accepted as payment. The conclusiveness of the transaction is particularly true in the situation at bar where a grandmother gives money to members of her family by giving them checks. In real world terms grandmothers do not intend to or actually stop payment on birthday checks. Moreover, both parties agree that decedent intended to make gifts of the money. The bank had authority to make payment on the checks; thus, had decedent wanted to exercise control over the money by ordering a stop payment, she would have had to do so within days of giving the gifts, a highly unlikely scenario. Further, decedent had made similar gifts in the past. The conclusion is inescapable that decedent fully intended to relinquish dominion and control over the $27,000 when she instructed her son to write the checks and, given the common day usage of the check, she did so relinquish dominion and control for estate tax purposes.

Although we base our decision on the ground that the gifts in question were made prior to the date of decedent's death and therefore the $27,000 in her checking account did not belong to her on that date, we would find that the $27,000 is excludible from her account even if we were to conclude that the gifts were not complete until paid by the bank. We would reach this conclusion on the alternative ground that the relation back doctrine applies to the facts of this case, so that even if the gifts were not complete until payment was made, upon such payment the date of completion relates back to the date of original delivery.

The relation back doctrine was adopted by the courts in order to deal with the peculiarity of the instrument the check. The check does not constitute final payment *per se. Spiegel,* 12 T.C. at 528. Yet, as previously discussed, in the common day usage of the check, it is considered payment, or at least, conditional payment.

The first cases applying the relation back theory involved the question of whether checks which had been given in discharge of legal obligations related back to the date of original delivery for purposes of determining the tax consequences of such checks under the income tax provisions of the Internal Revenue Code. *See Est. of Bradley v. Commissioner,* 14 B.T.A. 49 (1930). The tax court in *Est. of Spiegel v. Commissioner,* R.T.C. 524 (1949), extended the doctrine to checks given as charitable contributions. In so doing, the tax court determined that the existence *vel non* of consideration was irrelevant. However, the court did emphasize characteristics of charitable contributions which distinguish them from ordinary gifts: the court stated that special legislation treats charitable contributions; and noted that some contributions are legally enforceable. *Id.* at 531. In 1984, the tax court in *Est. of Belcher v. Commissioner,* 83 T.C. 227 (1984), extended the relation back doctrine for charitable contributions from income taxation to estate taxation. 83 T.C. 227. The *Belcher* court, like the *Spiegel* court, did distinguish charitable contributions from ordinary gifts. However, the court left open the question of whether the relation back doctrine would apply with respect to ordinary gifts.

Recently, the district court for the District of New Jersey held, under facts very similar to the facts in this case, that the relation back doctrine applies with respect to ordinary gifts for purposes of federal estate taxation. In *Bacchus v. United States,* No. 82–3930, slip op. (D.N.J.1985), the plaintiff's decedent had attempted to make annual gifts of $3,000 to certain relatives in order to come within § 2035(b)(2),

which excludes such gifts from estate tax. In particular, the decedent had written two checks on December 31, 1976, each for $3,000 and made payable to two individuals. At that time the balance in her checking account was $2,843.88. On January 4, 1977 she made a deposit of $10,000. In the summer of 1977 she wrote two more checks, each for $3,000 and made payable to the same two individuals. The issue was whether the first gifts were made in 1976. The court found that the relation back doctrine applied and thus found that they were.

We follow the *Bacchus* court in thinking that the relation back doctrine applies with respect to the gifts in the instant case. Decedent was plainly attempting to come within the exception embodied in § 2035(b)(2). We find no policy considerations which would justify treating such gifts less favorably than charitable donations or legal obligations. Rather, as previously stated, these gifts bear the stamp of approval of Congress. We see no meaningful distinction in this context between the giving of contributions and the giving of gifts. Therefore, we conclude that upon payment of the checks by the bank, the date of the gift related back at least to the time of delivery of the checks. As mentioned, we do not know whether delivery occurred immediately after drafting of the checks. Since plaintiffs have not yet moved for summary judgment, we need not decide today whether under the relation back doctrine the date of the gift will predate decedent's death.

For all the foregoing reasons, defendant's motion for summary judgment is denied.