W.L. MILLER, P.S.C.; W.L. MILLER, P.S.C., DEFINED BENEFIT PENSION PLAN AND TRUST; W.L. MILLER, M.D., LTD PENSION PLAN; W.L. MILLER, M.D., LTD PROFIT SHARING PLAN; WILLIAM L. MILLER and H. FAE MILLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 29367-89
United States Tax Court
T.C. Memo 1992-612; 1992 Tax Ct. Memo LEXIS 640; 64 T.C.M. (CCH) 1083; October 14, 1992, Filed *640 Decision will be entered under Rule 155. For Petitioners: James B. Martin, Jr. For Respondent: Robin L. Herrell and Ferdinand J. Lotz. SWIFT
SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined deficiencies in petitioners William L. Miller's and H. Fae Miller's (petitioners) Federal income taxes and additions to tax as follows: [1]
Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6653(a)(1)(A)
1982
$  3,797
$   190
*
$   -- 1984
40,212
2,011
*
-- 1985
29,855
1,493
*
-- 1986
47,282
-- --
2,364
Sec.
Sec.
Year
6653(a)(1)(B)
6661
1982
--
$    949
1984
--
10,053
1985
--
7,037
1986
*
7,942
After concessions, the only issue remaining for decision is whether respondent, pursuant to the 6-year period of limitations under *641 section 6501(e), may assess a deficiency in petitioners' 1984 joint Federal income tax. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners resided in Morgantown, Kentucky, at the time their petition was filed. Petitioner William L. Miller (petitioner) is a physician licensed to practice pathology. In December of 1976, petitioner incorporated in the State of Illinois his medical practice under the name of W.L. Miller, M.D., Ltd., and petitioner became the sole shareholder and sole employee. In December of 1978, petitioner established within W.L. Miller, M.D., Ltd., a defined benefit pension plan and trust (pension plan) and a profit sharing plan and trust (profit sharing plan). Petitioner was the sole participant in the pension and profit sharing plans, and petitioner served as *642 the trustee for both plans. On September 27, 1979, respondent issued separate letters to the pension and profit sharing plans indicating that respondent had determined that the plans were "qualified plans" under sections 401 and 501. W.L. Miller, M.D., Ltd., generally made annual contributions to the plans on behalf of petitioner. The amounts contributed to the plans varied from year to year. As trustee of the plans, petitioner maintained a ledger book with respect to plan transactions and investments. The bookkeeping entries in the ledger book, however, are confusing, and many of the documented transactions are not accompanied by any explanation. Further, the record indicates that some plan transactions were not documented in the ledger book. In February of 1980, W.L. Miller, M.D., Ltd., was reorganized. W.L. Miller, P.S.C., the successor corporation, was incorporated in the State of Kentucky. Petitioner was the sole shareholder and sole employee of the successor corporation. W.L. Miller, P.S.C., continued to maintain the pension and profit sharing plans after the reorganization. From 1978 through 1984, the pension and profit sharing plans periodically made loans to petitioner. *643 The loans to petitioner were not evidenced by promissory notes. Petitioner periodically made repayments to the plans of principal amounts due on the loans, plus interest. Information regarding both the loans to petitioner and repayments of principal and interest by petitioner was noted in the same ledger book that petitioner used to record plan transactions and investments. Petitioner also maintained a written summary of the loans he received from the plans. Petitioner's summary, however, conflicts with some of the information in the ledger book relating to the loans petitioner received from the plans. On March 1, 1984, the total balance of petitioner's outstanding loans from the pension and profit sharing plans was $ 122,977. On July 21, 1989, respondent notified the pension and profit sharing plans that the plans were retroactively disqualified for plan years ending on and after December 31, 1984, because the plans were not timely amended in compliance with the relevant provisions of Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324; Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494; and Retirement Equity Act of 1984, Pub. L. 98-397, *644 98 Stat. 1426. On December 31, 1989, W.L. Miller, P.S.C. terminated the pension and profit sharing plans. Petitioners timely filed their 1984 joint Federal income tax return on which they reported gross income in the amount of $ 279,413, but petitioners did not include in their reported income any of the loan proceeds petitioner received in 1984 from the pension and profit sharing plans. On petitioners' 1984 Federal income tax return, no express reference was made to any loans. The only indirect reference to loans on petitioners' 1984 tax return appears on Schedule A, line 11(a), which merely lists $ 13,527 as interest paid to financial institutions for home mortgage interest. The Forms 5500-C (Return/Report of Employee Benefit Plan), filed in 1984 by the plans indicated that the plans made loans in 1984, but the forms did not specify the recipients of the loans. By notice of deficiency dated September 12, 1989, respondent determined that, pursuant to the provisions of section 72(p) (which treats certain loans to plan participants in excess of $ 50,000 as distributions) and section 402(a)(1), the loans petitioner received in 1984 from the pension and profit sharing plans should *645 be included in petitioners' 1984 gross income to the extent of $ 72,977. OPINION Section 6501(a) generally provides that any tax due may be assessed within 3 years from the due date of the tax return or, if later, from the date the tax return is actually filed. Coleman v. Commissioner, 94 T.C. 82, 89 (1990); Blount v. Commissioner, 86 T.C. 383, 386 (1986); Bailey v. Commissioner, T.C. Memo. 1970-64, affd. per curiam 439 F.2d 723 (6th Cir. 1971). Section 6501(e), however, provides that tax due may be assessed within 6 years from the due date of the tax return or, if later, from the date the tax return is actually filed where taxpayers, on their tax returns, make substantial omissions from gross income. Colony, Inc. v. Commissioner, 357 U.S. 28, 36 (1958); Estate of Frane v. Commissioner, 98 T.C. 341, 354 (1992) (Court reviewed). An omission from gross income is considered to be substantial, for purposes of section 6501(e), where the amount omitted is in excess of 25 percent of the amount of gross *646 income actually reported on the tax return. Estate of Dillingham v. Commissioner, 903 F.2d 760, 762 (10th Cir. 1990), affg. 88 T.C. 1569 (1987); Bardwell v. Commissioner, 38 T.C. 84, 92-93 (1962), affd. 318 F.2d 786 (10th Cir. 1963); Bailey v. Commissioner, supra.
Under section 6501(e), respondent has the burden of proof to show: (1) That the amount omitted from gross income exceeds 25 percent of the gross income reported on the tax return; and (2) that the amount omitted from gross income was properly includable in the taxpayer's gross income. Estate of Dillingham v. Commissioner, supra; Bardwell v. Commissioner, supra; Reis v. Commissioner, 1 T.C. 9, 12-13 (1942), affd. 142 F.2d 900 (6th Cir. 1944); Bailey v. Commissioner, supra.
In determining whether the amount omitted from gross income is in excess of 25 percent of the gross income reported on the tax return, section *647 6501(e)(1)(A)(ii) provides that -- there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item. Disclosure under section 6501(e)(1)(A)(ii) is considered "adequate" if it is "sufficiently detailed to apprise respondent and her agents as to the nature and amount of the transaction so that a decision as to whether to select the return for audit may be a reasonably informed one." Estate of Frane v. Commissioner, supra at 355. See also Rutland v. Commissioner, 89 T.C. 1137, 1152-1153 (1987); Sampson v. Commissioner, T.C. Memo. 1986-231, affd. without published opinion 829 F.2d 39 (6th Cir. 1987). In this case, the parties agree that respondent issued the notice of deficiency relating to petitioners' 1984 Federal income taxes more than 3 years after petitioners' return for 1984 was filed. Respondent, however, argues that the 6-year statute of limitations *648 under section 6501(e) applies because petitioners omitted from their 1984 gross income an amount in excess of 25 percent of the gross income reported on their 1984 Federal income tax return. Petitioners assert that they made adequate disclosure of the amount omitted from gross income on their 1984 tax return and therefore that the 6-year statute of limitations does not apply. As we have found, petitioners, on their 1984 Federal income tax return, did not report the loans received in 1984 by petitioner from the pension and profit sharing plans, and the information on schedule A of petitioners' return relating to interest paid by petitioners in 1984 was inadequate to serve as a disclosure of the loans. Further, the Forms 5500-C filed in 1984 on behalf of the pension and profit sharing plans did not disclose that the plans in 1984 made loans to petitioner. In their post-trial brief, petitioners, for the first time, raise the argument that the amount omitted from petitioners' 1984 gross income does not exceed 25 percent of the gross income reported on their 1984 Federal income tax return because they allege that $ 4,092 of the $ 72,977 that respondent has treated as taxable loan proceeds *649 actually constituted a return to petitioner of a nondeductible employee contribution allegedly made in 1979 by petitioner to the pension plan. [3]
The only evidence that petitioner in 1979 made a $ 4,092 contribution to the pension plan is one entry in the ledger maintained by petitioner to record plan transactions. This evidence is not credible, and we reject petitioners' argument. As we have held, many of the *650 entries in the ledger book are confusing and incomplete and provide inadequate explanation of the recorded transactions. Further, petitioners have raised this argument in an untimely fashion, and we decline to give it further consideration. See Rule 41(a). We conclude that the 6-year statute of limitations under section 6501(e) applies in the instant case because respondent has shown that petitioners, on their 1984 joint Federal income tax return, omitted from gross income an amount in excess of 25 percent of the gross income actually reported on petitioners' 1984 Federal income tax return and that the amount so omitted is properly includable in petitioners' 1984 gross income under sections 72(p) and 402(a)(1). Decision will be entered under Rule 155. Footnotes
1. The issues involving the other petitioners in this case have been settled.↩
*. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. On their 1984 Federal income tax return, petitioners reported gross income of $ 279,413. In order for the 6-year period of limitations under sec. 6501(e)↩ to apply, petitioners must have omitted from gross income an amount in excess of $ 69,853 (25 percent x $ 279,413 = $ 69,853). Respondent contends that petitioners omitted $ 72,977 in loan proceeds from the plans, which amount exceeds $ 69,853. Petitioners contend that they omitted only $ 68,885 of taxable loan proceeds ($ 72,977 less the alleged $ 4,092 nondeductible employee contribution), which amount is less than the 25-percent threshold amount.